IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY LLOYD BRADFORD,           )
                                 )
          Petitioner,            )
                                 )
     v.                          )    1:09CV398
                                 )    1:03CR237-1
UNITED STATES OF AMERICA,        )
                                 )
          Respondent.            )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Rodney Lloyd Bradford, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 28.)[1] Petitioner was indicted on a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Docket No. 1.) He later pled guilty to that charge (docket nos. 10, 11) and was sentenced to 180 months of imprisonment (docket no. 13). Petitioner then pursued an unsuccessful direct appeal. (Docket Nos. 23, 24.); Bradford v. United States, 547 U.S. 1208 (2006)(denying certiorari on June 19, 2006). Nearly three years after his direct appeal ended, Petitioner filed his first motion under § 2255. (Docket No. 25.) When this motion was dismissed without prejudice to Petitioner refiling it and correcting certain defects, Petitioner then filed his current motion. Respondent has filed a motion to dismiss seeking to have Petitioner's § 2255 motion dismissed for being time-barred. (Docket No. 31.)

---

[1]This and all further cites to the record are to the criminal case.

Petitioner has filed a response (docket no. 33) and the parties' motions are ready for decision.

## **DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the one-year limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of the denial of a petition for certiorari to the United States Supreme Court. Clay v. United States, 537 U.S. 522 (2003). Here, Petitioner's certiorari petition was denied on June 19, 2006. His first attempt at relief under § 2255, which was dated as being signed on April 3, 2009, was received by the Court on April 13, 2009. This is nearly three years after the certiorari denial. The motion is not timely under subsection (f)(1). Only if another

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner states in his response to Respondent's motion that he believes new and retroactive cases may apply to his case. However, he cites to no such cases. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and could have been known to him at the time of his sentencing. Again, he makes a bald statement that he believes there is new evidence in the case, but points to no new evidence. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Finally, Petitioner states that he filed beyond the one-year period because he was unaware of his rights under § 2255. This appears to be an argument seeking equitable tolling of the time

limit. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, 209 F.3d 325; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Based on the case law just cited, Petitioner's equitable tolling request must be rejected. He claims that he was simply ignorant of his rights under § 2255, but this is not a ground for equitable tolling. Petitioner makes no claim of any government

-4-

Case 1:03-cr-00237-JAB   Document 34   Filed 10/20/09   Page 4 of 5

limit. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, 209 F.3d 325; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Based on the case law just cited, Petitioner's equitable tolling request must be rejected. He claims that he was simply ignorant of his rights under § 2255, but this is not a ground for equitable tolling. Petitioner makes no claim of any government

misconduct or extraordinary circumstances.  His motion is out of time and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 31) be **GRANTED**, that Petitioner's motion to vacate, set aside, or correct sentence (docket no. 28) be **DISMISSED** and that Judgment be entered dismissing this action.


                                    /s/ Donald P. Dietrich
                                   **Donald P. Dietrich**
                              **United States Magistrate Judge**

October 20, 2009